David A. Bahr (Oregon Bar No. 90199)
Bahr Law Offices, P.C.
1035 ½ Monroe Street
Eugene, OR 97402
(541) 556-6439
davebahr@mindspring.com

Elena Saxonhouse (California Bar. No. 235139)
Sierra Club Environmental Law Program
85 Second St., 2nd Floor
San Francisco, CA 94105
(415) 977-5765
(415) 977-5793 (facsimile)
Elena.Saxonhouse@Sierraclub.org

Attorneys for Plaintiffs

MELINDA HAAG (CSBN 132612)
United States Attorney
ALEX TSE (CSBN 152348)
Chief, Civil Division
ABRAHAM A. SIMMONS (CSBN 146400)
Assistant United States Attorney

    450 Golden Gate Avenue, 9th Floor
    San Francisco, California 94102-3495
    Telephone:   (415) 436-7264
    Facsimile:   (415) 436-6748
    Email:      abraham.simmons@usdoj.gov

Attorneys for Federal Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| THE SIERRA CLUB and ENVIRONMENTAL INTEGRITY PROJECT, | ) ) ) ) | Case No. C 11-0846 MEJ |
| Plaintiffs, | ) ) | **SETTLEMENT AGREEMENT AND RELEASE** |
| v. | ) ) | |
| UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, | ) ) ) | |
| Defendant. | ) ) | |

## SETTLEMENT AGREEMENT

### AND RELEASE

In consideration of the terms set forth in this Settlement Agreement and the covenants and conditions contained herein (the "Agreement"), Plaintiffs Sierra Club and Environmental Integrity Project (collectively the "Plaintiffs") and Defendant U.S. Environmental Protection Agency (the "Defendant"), by and through their undersigned counsel, hereby agree as follows:

WHEREAS, on or about February 23, 2011, Plaintiffs filed this action alleging defendant violated the Freedom of Information Act ("FOIA") and the Administrative Procedures Act ("APA") with respect to a FOIA request made in February of 2010;

WHEREAS, Defendant responded to the lawsuit on April 8, 2011 denying any wrongdoing;

WHEREAS, Plaintiffs and Defendant  (collectively, the "Parties") have submitted evidence, arguments and requests to the district court in this matter in an effort to resolve the dispute between the Parties;

WHEREAS, after good-faith negotiations, the Parties wish to avoid any further litigation and controversy and to settle and compromise fully any and all claims and issues that have been raised, or could have been raised in this action, which have transpired prior to the execution of this Agreement except as specifically set forth below,

NOW, THEREFORE, in consideration of the mutual promises contained in this Agreement, and other good and valuable consideration, receipt of which is hereby acknowledged, **IT IS HEREBY AGREED AS FOLLOWS**:

1. **Agreement to Compromise Claims**.  Except for attorneys' fees, the Parties do hereby agree to settle and compromise each and every claim of any kind, whether known or unknown, arising directly or indirectly from the acts or omissions that gave rise to the above-captioned action under the terms and conditions set forth in this Agreement.

2. **Cessation of work on FOIA request.** The February 2010 FOIA request that is the subject of this lawsuit will be considered moot and withdrawn by Plaintiffs.  Defendant will have

1  no obligation to process this request any further.

2      3. **Submission of new request.** Plaintiffs will make a new narrowed request under the

3  FOIA for documents. The request may be accompanied by a request for a fee waiver. The

4  universe of documents Plaintiffs would request will be certain documents pertaining to Luminant

5  Generation Company, LLC ("Luminant") not to extend beyond "those documents which

6  originated from Luminant and were included in the referral package prepared by the EPA to the

7  Department of Justice ("DOJ") related to the July 13, 2012, Luminant Notice and Finding of

8  Violation."

9      4. **Processing of new request.** If Plaintiffs elect to make a new FOIA request, the

10  EPA will process the new narrowed FOIA request consistent with its regulations under 40 C.F.R.

11  part 2, subpart B, by promptly seeking from Luminant substantiation of any claims that

12  documents responsive to the FOIA request are confidential business information and requesting

13  from Luminant substantiation for any claims that the responsive documents are confidential

14  business information within the minimum 15 working days from Luminant's receipt of EPA's

15  request for substantiation, subject to 40 C.F.R. § 2.205(b)(2). The EPA would issue a final

16  confidentiality determination with respect to Luminant's substantiation response covering those

17  documents which originated from Luminant and were included in the referral package prepared

18  by the EPA to the DOJ related to the July 13, 2012, Luminant Notice and Finding of Violation

19  within 140 days of receiving Plaintiffs' FOIA request. This clause of the Settlement Agreement

20  does not establish either of the Parties as a "prevailing party" for purposes of assessing attorney

21  fees and costs, and is not and cannot under any construction be effective in doing so.

22      5. **Dismissal of Action.** Plaintiffs shall immediately upon execution of this

23  Agreement also execute a Stipulation of Dismissal, a copy of which is attached hereto as Exhibit

24  A. The Stipulation of Dismissal shall dismiss, with prejudice, all claims asserted in this action,

25  or that could have been asserted in this action. The fully executed Stipulation of Dismissal will

26  be held by Defendant's attorney and will not be filed until after five (5) business days of receipt

27  by Plaintiff's attorney of EPA's final confidentiality determination as set forth in paragraph 4,

28

above.  Plaintiffs understand and agree that the dismissal will be filed whether or not Plaintiffs decide to challenge the final determination.

6.     **Release.**  Upon issuance by the EPA of the final confidentiality determination, Plaintiffs agree to release Defendant from liability for claims that were or could have been made in this litigation ("Released Claims").  The Agreement bars further action on the Released Claims in any judicial or administrative forum.

7. **No Admission of Liability.**  This stipulation for compromise settlement is not intended to be, and should not be construed as, an admission of liability, fault on the part of the Defendant, or the validity of any claim asserted in this action. It is specifically denied that Defendant is liable to the Plaintiff.  This settlement is entered into by all Parties for the purpose of compromising disputed claims and avoiding the expenses and risks of further litigation.

8. **Legal Expenses.**  The Parties acknowledge that the resolution of this lawsuit does not resolve the current dispute regarding attorneys' fees.  Nothing in this settlement deems either of the Plaintiffs a "prevailing party" for purposes of attorneys' fees under the FOIA.

9. **Authority.**  The persons signing this Agreement warrant and represent that they possess full authority to bind the persons on whose behalf they are signing to the terms of the settlement.

Dated this 1st  day of October, 2013

DAVID BAHR                                MELINDA HAAG
                                          United States Attorney


  _/s/ David Bahr_____         __/s/ Abraham A. Simmons _____
  David Bahr (Oregon Bar No. 901990)        ABRAHAM A. SIMMONS
  Barh Law Offices, P.C.                    Assistant United States Attorney
  Attorneys for Plaintiff                   Attorneys for Defendants

## ORDER

The Parties having resolved all issues in this litigation, IT IS HEREBY ORDERED that this

Settlement Agreement and Release
C 11-00846 MEJ                        4

action will be dismissed in accordance with the agreement and procedures set forth above.

Dated: October 2, 2013

_____
Honorable Maria-Elena James, Magistrate Judge



GRANTED

Judge Maria-Elena James